Darian A. Stanford, OSB No. 994491
  Direct:  503.802.2028
  Email:  darian.stanford@tonkon.com
Stephanie Grant, OSB No. 154957
  Direct:  503.802.5736
  Email:  stephanie.grant@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Facsimile:  503.274.8779

   *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(EUGENE DIVISION)

| | |
|---|---|
| GOOD CLEAN LOVE, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCIAL REFORM LLC D/B/A PLAYGROUND FOR ALL, INC.,<br><br>        Defendant. | Civil No. 6:24-cv-01870<br><br>**COMPLAINT FOR FEDERAL, STATE, AND COMMON LAW TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN AND PASSING OFF; FEDERAL AND COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Good Clean Love, Inc., an Oregon corporation ("Good Clean Love"), alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.  This is a civil action for trademark infringement, false designation of origin, passing off, and unfair competition under federal, state, and common law.

PAGE 1 –   COMPLAINT

2. Good Clean Love is a leading provider of organic intimate hygiene and vaginal wellness products that are designed with safety and sustainability in mind. Among Good Clean Love's vast product line—which includes a variety of vaginal washes, wipes, suppositories, cleansing kits, and moisturizers—Good Clean Love is particularly well-known for its gynecologist-recommended personal lubricants, including its ALMOST NAKED organic water-based lubricants.

3. Good Clean Love is the number one selling natural/organic brand in the United States, with products on more than 40,000 store shelves. Good Clean Love's ALMOST NAKED lubricants (below) are among Good Clean Love's most popular products, beloved by millions of consumers in the United States. Good Clean Love and its products (especially its ALMOST NAKED lubricants) have also been featured in major media outlets, including Cosmopolitan, TeenVogue, Bustle, Glamour, Self, Teen Vogue, and Byrdie, to name a few.



4. Good Clean Love's commitment to creating safe and sustainable intimacy products has not gone unnoticed. Good Clean Love has been recognized in

PAGE 2 –   COMPLAINT

the sexual wellness industry as the first company to achieve MADE SAFE (Made With Safe Ingredients™) certification for personal lubricants. Good Clean Love's lubricants were named in an NIH study as some of the safest lubricants on the market.

5.     In addition to its commitment to create effective products that consumers trust, Good Clean Love—a registered B-Corp—is well-known for its mission to increase corporate responsibility in the personal care industry. Good Clean Love received the PETA Compassionate Company Award for its efforts to help change the Food and Drug Administration's animal testing requirements for personal lubricants. Good Clean Love donates 10% of all proceeds from its website sales to Change for Women nonprofit organizations around the world and uses biodegradable materials and green plastics (made of recyclable sugar cane and other eco-friendly materials) for personal care products.

6.     For over two decades, Good Clean Love has invested significant time and resources to promote its intimate hygiene and vaginal wellness products, including its ALMOST NAKED lubricants. From this investment, Good Clean Love has acquired significant goodwill as a trusted provider of responsibly-sourced personal care products that are free from harmful ingredients.

7.     Seeking to trade off goodwill that Good Clean Love has built for its products and ALMOST NAKED brand, competitor Social Reform LLC d/b/a Playground for All, Inc. ("Playground") recently introduced a new line of organic lubricants under the name and mark NAKED LOVE, featuring similar green and white design elements and similar taglines used by Good Clean Love for its

PAGE 3 –   COMPLAINT

ALMOST NAKED brand on its packaging and in promotional materials. Playground could have chosen an alternative name for its lubricant, but instead chose an infringing mark with the same commercial impression as ALMOST NAKED to gain a marketplace boost for its brand and trade off of Good Clean Love's success. Good Clean Love seeks to enjoin Playground's use of its infringing trademark and recover actual damages, Playground's profits, and other relief, including attorney's fees and costs.

## PARTIES AND JURISDICTION

8. Plaintiff, Good Clean Love, is an Oregon corporation with a principal place of business at 207 West 5th Avenue, Eugene, Oregon 97401.

9. Defendant, Playground, is a Delaware corporation with a principal place of business at 4645 California Street, San Francisco, California 94118.

10. The Court has jurisdiction over the subject matter of this action pursuant to U.S.C. §§ 1121 and §§ 28 U.S.C. 1331 and 1338(a) and (b). The Court has supplemental jurisdiction over Good Clean Love's state law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

11. This Court has personal jurisdiction over Playground because it has purposefully availed itself of the privilege of conducting business in Oregon. Playground offers, markets, promotes, and sells its infringing products that are the subject of this lawsuit within the District, and Good Clean Love is being harmed in this District from Playground's infringing activities.

PAGE 4 –   COMPLAINT

12. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Good Clean Love's claims occurred in this District (and elsewhere), and because the property that is the subject of this action—i.e., Good Clean Love's asserted intellectual property—is situated in this District, where Good Clean Love maintains its headquarters and principal place of business.

## GOOD CLEAN LOVE AND ITS ALMOST NAKED MARK

13. Good Clean Love has used its ALMOST NAKED trademark (the "ALMOST NAKED Mark") in connection with its organic personal lubricants since January 2010.

14. Since its debut, Good Clean Love's ALMOST NAKED lubricant gel quickly gained recognition as the market's first carbon-neutral personal lubricant, and has since become one of Good Clean Love's most popular product lines. Recognized for its efficacy and clean formulation—free of petrochemicals, parabens, hormones and other toxic substances commonly found in other lubricants—the ALMOST NAKED lubricant gel has garnered awards and public acclaim for Good Clean Love as creator of reliable intimacy products that are safe for the body and kind to the planet. The success of the ALMOST NAKED gel helped make Good Clean Love the first company to achieve MADE SAFE certification for personal lubricants and wash. This year, the ALMOST NAKED gel was named the "Best Vaginal Moisturizer" by Healthline's Menopause Awards. The ALMOST NAKED gel has received widespread media attention in major publications and news outlets, including Refinery29, Allure ("Best Aloe-Based Lube"), Wired ("Best

PAGE 5 –   COMPLAINT

Grocery Store Water-Based Lube"), Good Housekeeping ("No. 1 Best Water-Based Lube"), Cosmopolitan ("Best Aloe-Based Natural Lube"), HuffPost, New York Magazine: The Strategist ("Best Lube for Sensitive Skin"), Rolling Stone, Katie Couric Media, Prevention ("Best Water-Based Lube for Sensitive Skin"), and Oprah Daily.

15. GCL's ALMOST NAKED products are sold nationwide in major retailers, including CVS, Walgreens, Target, Amazon, Kroger, Walmart, and Whole Foods, among others.

16. Like most of Good Clean Love's other products, the ALMOST NAKED gel is sold in green and white packaging, shown below.




PAGE 6 –   COMPLAINT



17. Among Good Clean Love's other intellectual property rights, Good Clean Love owns U.S. Trademark Registration No. 5,767,231 for the mark ALMOST NAKED, covering "gels for use as a personal lubricant" in Class 5.

## PLAYGROUND AND ITS WRONGFUL ACTIVITIES

18. Upon information and belief, Playground is a sexual wellness company co-founded by celebrity singer and actress, Christina Aguilera, that offers feminine intimacy products. Playground offers lubricants and related sexual wellness products under a variety marks, including PILLOW TALK, DATE NIGHT, MINI ESCAPE, LOVE SESH and others, shown below.

 

19.     Despite having knowledge of Good Clean Love and its ALMOST NAKED products, Playground recently began selling a water-based lubricant under the name and mark NAKED LOVE (the "Infringing Mark").  The NAKED LOVE lubricant (the "Infringing Product"), shown below, purports to be made of "clean" ingredients and designed for sensitive skin, just like Good Clean Love's ALMOST NAKED gel.



20.     The Infringing Mark is highly similar in appearance, sound, and commercial impression to the ALMOST NAKED Mark.  Both marks are comprised of two short words, and the dominant portion of Playground's mark "naked" is

PAGE 8 –   COMPLAINT

identical to the dominant portion of the ALMOST NAKED Mark, creating the same overall commercial impression.

21.     Underscoring the similarity between the marks, Playground emphasizes the term "NAKED" throughout its marketing and promotional content for the Infringing Product, inviting consumers to "get Naked right now," "go ahead. get naked," and enjoy "Naked Bliss. Every Time."



22.     Making matters worse, Playground even selected a green and white color scheme for its packaging and promotional content (in contrast from the

PAGE 9 –   COMPLAINT

various colors used on Playground's other products), demonstrating in intent to emulate Good Clean Love's ALMOST NAKED branding.



PAGE 10 – COMPLAINT

23. But Playground did not stop there. Playground even began using marketing taglines that call to mind Good Clean Love's house mark, calling one of its products "the formula for good love" (emphasis added).



24. Playground has begun selling the Infringing Product online and through some of the same retailers that sell Good Clean Love's ALMOST NAKED products, including at least Amazon.com.

25. Immediately upon learning about the Infringing Product's launch in late September 2024, Good Clean Love sent a letter to Playground objecting to Playground's use of the Infringing Mark with green and white packaging, and demanding that Playground stop selling the Infringing Product. Playground refused.

## INJURY TO GOOD CLEAN LOVE AND THE PUBLIC

26. The Infringing Mark is highly similar in appearance, sound, and meaning to Good Clean Love's ALMOST NAKED Mark and is used on identical goods. Playground's prominent use of "NAKED LOVE" and "NAKED" standing alone in connection with its lubricants (which are sold to the same consumers in the same channels of trade) is therefore likely to cause consumers to mistakenly believe

PAGE 11 – COMPLAINT

that the Infringing Product is associated with, approved, supplied or sponsored by Good Clean Love, thereby harming Good Clean Love's hard-earned reputation and goodwill.

27.     Conversely, due to Playground's celebrity associations, consumers are likely to be misled into believing that Good Clean Love's goods originate from Playground and/or that Playground has prior rights in NAKED LOVE, which is not the case.

28.     The risk of confusion is only exacerbated by Playground's adoption of green and white accents on its packaging and marketing taglines that emulate Good Clean Love, demonstrating bad faith intent to trade off of Good Clean Love's success.

29.     Playground's acts, as described above, have damaged and irreparably injured, and if permitted to continue, will further damage and irreparably injure Good Clean Love and its ALMOST NAKED brand.

30.     Playground's acts, as described above, have damaged and irreparably injured, and if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

31.     Playground has acted knowingly, willfully, in reckless disregard for Good Clean Love's rights, and in bad faith, as evidenced by Playground's (1) adoption and use of the Infringing Mark for identical products, (2) emulation of packaging and branding elements from the ALMOST NAKED products, and (3) continued use of the same in the face of Good Clean Love's objection.

## COUNT I
### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

32. Good Clean Love repeats and re-alleges each and every allegation set forth in Paragraphs 1 - 31 of this Complaint.

33. Good Clean Love began using its ALMOST NAKED Mark in connection with lubricant products long before Playground's adoption and use of the Infringing Mark for lubricant products.

34. Good Clean Love's well-known ALMOST NAKED Mark is inherently distinctive among the consuming public and within the sexual wellness and intimate hygiene industry.

35. Playground's NAKED LOVE name and mark is highly similar in appearance, sound, and meaning to the ALMOST NAKED Mark. Both marks are comprised of two short words, and the dominant portion of Playground's mark "naked" is identical to the dominant portion of the ALMOST NAKED Mark, creating the same overall commercial impression.

36. Playground's use of the Infringing Mark in connection with identical goods, which are marketed and sold to the same consumers in the same trade channels, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Playground, its goods, and/or its commercial activities by or with Good Clean Love, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

37. Good Clean Love has not consented to Playground's use of the Infringing Mark or any other mark that is confusingly similar to the ALMOST NAKED Mark.

38. Through the foregoing actions, Playground has engaged and continues to engage in willful trademark infringement in violation of 15 U.S.C. § 1117. Based on Playground's willful misconduct, Good Clean Love seeks attorney's fees, costs, and treble damages.

39. Good Clean Love has been and continues to be injured by Playground's misconduct and, if not enjoined, Playground will continue to cause irreparable injury to Good Clean Love and its ALMOST NAKED brand, including Good Clean Love's business, reputation, and goodwill, for which there is no adequate remedy at law. Accordingly, Good Clean Love requests that this Court enter an injunction to restrain Playground, its agents, employees, representatives, and all persons associated with them from engaging in further unlawful acts.

## COUNT II
### Infringement of a Registered Trademark
### Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

40. Good Clean Love repeats and re-alleges each and every allegation set forth in Paragraphs 1 - 39 of this Complaint.

41. Good Clean Love owns U.S. Trademark Registration No. 5,767,231 (the "Registration") for the ALMOST NAKED Mark, covering "gels for use as a personal lubricant" in Class 5.

42. The Registration is conclusive evidence of the validity of the ALMOST NAKED Mark, of Good Clean Love's ownership of the mark, and of Good Clean

PAGE 14 – COMPLAINT

Love's exclusive right to use the mark in commerce in connection with the goods specified in the Registration and related goods.

43. Despite having actual and constructive knowledge of the Registration and Good Clean Love's senior trademark rights in the ALMOST NAKED Mark, Playground began using the Infringing Mark in connection with lubricant products. Playground's use of the Infringing Mark in connection with identical goods, which are marketed and sold to the same consumers in the same trade channels, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Playground, its goods, and/or its commercial activities by or with Good Clean Love, and thus constitutes infringement of Good Clean Love's registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44. Good Clean Love has not consented to Playground's use of the Infringing Mark or any other mark that is confusingly similar to the ALMOST NAKED Mark.

45. Through the foregoing actions, Playground engaged and continues to engage in willful trademark infringement in violation of 15 U.S.C. § 1117. Based on Playground's willful misconduct, Good Clean Love seeks attorney's fees, costs, and treble damages.

46. Good Clean Love has been and continues to be injured by Playground's misconduct and, if not enjoined, Playground will continue to cause irreparable injury to Good Clean Love and its ALMOST NAKED brand, including Good Clean Love's business, reputation, and goodwill, for which there is no adequate remedy at law. Accordingly, Good Clean Love requests that this Court enter an injunction to

PAGE 15 – COMPLAINT

restrain Playground, its agents, employees, representatives, and all persons associated with them from engaging in further unlawful acts.

## COUNT III
### Trademark Infringement
### Under Oregon Revised Statute ("ORS") § 647.095

47.     Good Clean Love repeats and re-alleges each and every allegation set forth in Paragraphs 1 - 46 of this Complaint.

48.     Good Clean Love has not consented to Playground's use of the Infringing Mark or any other mark that is confusingly similar to the ALMOST NAKED Mark.

49.     Despite having actual and constructive knowledge of the Registration and Good Clean Love's senior trademark rights in the ALMOST NAKED Mark, Playground began using the Infringing Mark on packaging and in advertisements for its lubricant products with the intention to deceive consumers and cause confusion with Good Clean Love's ALMOST NAKED Mark.

50.     Playground's use of the Infringing Mark in connection with identical goods, which are marketed and sold to the same consumers in the same trade channels, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Playground, its goods, and/or its commercial activities by or with Good Clean Love, and thus constitutes infringement of Good Clean Love's trademark rights in violation of O.R.S. § 647.095.

51.     Based on Playground's intentional misconduct, Good Clean Love seeks profits, actual damages (which are yet to be determined), attorney's fees and costs, and treble damages pursuant to O.R.S. § 647.095(2).

52. Good Clean Love has and continues to be injured by Playground's misconduct and, if not enjoined, Playground will continue to cause irreparable injury to Good Clean Love and its ALMOST NAKED brand, including Good Clean Love's business, reputation, and goodwill, for which there is no adequate remedy at law. Accordingly, Good Clean Love requests that this Court enter an injunction to restrain Playground, its agents, employees, representatives, and all persons associated with them from engaging in further unlawful acts, pursuant to O.R.S. § 647.095(2).

## COUNT IV
## Unfair Competition
## Under Oregon Common Law

53. Good Clean Love repeats and re-alleges each and every allegation set forth in Paragraphs 1 - 52 of this Complaint.

54. Playground's acts complained of herein constitute unfair methods of competition and unfair and deceptive acts or practices in the conduct of a business or trade, and therefore constitute unfair competition under the common law of the State of Oregon.

55. Playground's aforementioned acts were undertaken and performed in bad faith.

56. Playground's unfair competition was and is willful and/or intentional.

57. Playground's conduct, if not enjoined, will continue to cause irreparable injury to Good Clean Love and its ALMOST NAKED brand, including Good Clean Love's business, reputation, and goodwill, for which there is no adequate remedy at law. Accordingly, Good Clean Love requests that this Court

PAGE 17 – COMPLAINT

enter an injunction to restrain Playground, its agents, employees, representatives, and all persons associated with them from engaging in further unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, Good Clean Love respectfully requests that this Court:

A. Enter judgment against Playground and in favor of Good Clean Love;

B. Permanently enjoin and restrain Playground, its officers, directors, agents, employees, and all persons in active concert or participation with Playground from:

    1. Using, registering, or seeking to register the Infringing Mark, including in connection with any other wording or designs;

    2. Using the Infringing Mark and any other marks, logos, designs, designations, or indicators that are confusingly similar to Good Clean Love's trademarks or branding;

    3. From representing by any means whatsoever, directly or indirectly, that Good Clean Love, any of the Infringing Products, or any other products featuring the Infringing Mark are associated or connected in any way with Good Clean Love or sponsored by or affiliated with Good Clean Love in any way; and

    4. From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2).

C. Enter an Order directing Playground to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Good Clean Love's

attorneys a report in writing and under oath setting forth in detail the manner and form in which Playground has complied with the injunction;

      D.     Enter an Order requiring Playground to account for and pay to Good Clean Love any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws.

      E.     Enter an Order requiring Playground to pay Good Clean Love damages in an amount as yet determined (and including prejudgment and post-judgment interest) caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, ORS § 647.095, and other applicable laws and regulations;

      F.     Enter an Order requiring Playground to pay Good Clean Love all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117, ORS § 647.095, and other applicable laws and regulations; and

      G.     Grant Good Clean Love such other further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Good Clean Love demands a trial by jury on all triable issues of fact.

DATED: November 11, 2024.

                    TONKON TORP LLP

                    By: *Darian A. Stanford*
                          Darian A. Stanford, OSB No. 994491
                            Direct: 503.802.2028
                            Email: darian.stanford@tonkon.com
                          Stephanie Grant, OSB No. 154957
                            Email: stephanie.grant@tonkon.com
                            Direct: 503.802.5736

                    *Attorneys for Plaintiff*